■ In the Matter of MICHAEL G. ORSELL, an Infant, by MICHAEL ORSELL, SR., His Parent, Appellant, v. BOARD OF EDUCATION OF THE CITY OF JOHNSTOWN SCHOOL DISTRICT et al., Respondents.— GIBSON, P. J. Appeal by infant petitioner from an order which denied his application to file a late notice of claim under section 50-e of the General Municipal Law; the decision at Special Term treating the claim as averring negligence only and finding the application untimely as made more than one year after the date of the accidental injury attributed to respondents' negligence. In the proposed notice of claim it is also alleged, however, that, within 90 days of the application, "it was reported by the said Board of Education of the City of Johnstown School District, its agents, servants and employees, that at the end of the disability of the infant, Michael G. Orsell, that a claim should be filed for the injuries sustained." It is then stated "that said representations that a claim for the injuries should be filed when the infant was recovered from his disability, were made at various times from the date of the aforesaid injury to and as recently

as January, 1964. That relying on said statements and representations, a claim was not filed on behalf of said infant for said personal injuries pursuant to Section 50e of the General Municipal Law, and had said statements and representations not been made, a claim would have been filed as required by Section 50e of the General Municipal Law." There follow allegations of falsity, *scienter* and damage. The affidavit of the infant and that of his father in support of the application each allege that the falsity of the alleged misrepresentation was not discovered until a date about two months prior to the application. Whether the notice of claim, with the other papers constituting the application, was served in such manner and upon such persons as in itself to constitute a valid and timely filing of a claim in fraud cannot be ascertained from the papers on appeal; but the conclusion which we have reached renders exploration of that possibility unnecessary. In the liberal view we are bound to give the notice, the intendment to set forth a claim in fraud accruing within the statutory period must be recognized and the application should have been granted in respect of that claim alone. We do not, of course, pass upon the validity of the claim nor do we express any opinion as to the sufficiency of such complaint as may eventuate. Neither do we give consideration to appellant's additional contention that respondents are estopped under the authority of *Debes* v. *Monroe County Water Auth.* (16 A D 2d 381) inasmuch as the doctrine of that decision would be applicable, if at all, not to an application for leave to file a claim for fraud, but to an action brought in negligence, without prior filing of a notice of claim for negligence, which was the procedure taken in *Debes*. Order modified, on the law and the facts, so as to provide that the motion to permit late filing of appellant infant's notice of claim be granted in respect of his claim for fraud, only; and, as so modified, affirmed, with $20 costs. Herlihy, Reynolds, Taylor and Hamm, JJ., concur.