■ In the Matter of LINDA CROMWELL, Individually and on Behalf of SHARAYA SIMPSON, an Infant, Respondent, v NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES et al., Appellants, et al., Defendant. [658 NYS2d 24] —Order, Supreme Court, New York County (Louis York, J.), entered November 30, 1995, which, in an action for common-law fraud and under 42 USC § 1983 seeking damages for emotional injuries suffered by plaintiffs, an infant and her aunt, due to defendant City Department of Social Services' failure to comply with a Family Court order that purportedly directed it to deliver the infant to the aunt in Florida, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

We agree with the IAS Court that not until the Family Court decision of December 1989 could plaintiff aunt have possibly known that, as found therein, defendant had violated the July 1987 Family Court order purportedly directing placement of the infant with the aunt by placing the infant with a foster family, had lied to the aunt about such foster placement and its efforts to further the aunt's adoption of the infant, and had lied and altered files at the 1989 hearing. Accordingly, the date of such decision marked the accrual of both the aunt's section 1983 (*see, Eagleston v Guido*, 41 F3d 865, 871, *cert denied* 516 US 808) and common-law fraud claims (CPLR 213 [8]; 203 [g]), rendering both timely, as well as her notice of claim (*see, Matter of Orsell v Board of Educ.*, 23 AD2d 703). We also agree with the IAS Court that while defendant's placement of the infant with a foster family was a discretionary, nonactionable act (*Tango v Tulevech*, 61 NY2d 34, 40), its alleged mendacity in dealing with the aunt and at the 1989 hearing state a cause of action under both Federal and State law. We have considered defendant's other arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Nardelli and Tom, JJ.